**PARKER & COVERT LLP**
17862 EAST SEVENTEENTH STREET
SUITE 204 • EAST BUILDING
TUSTIN, CALIFORNIA 92780
TELEPHONE (714) 573-0900
FACSIMILE (714) 573-0998
jmott@parkercovert.com

Jonathan J. Mott, State Bar No. 118912

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M., a minor, by and through his parents, DAVID MARSHALL and KARLA MARSHALL; DAVID MARSHALL and KARLA MARSHALL, on their own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>MONROVIA UNIFIED SCHOOL DISTRICT; WEST SAN GABRIEL VALLEY SPECIAL EDUCATION LOCAL PLAN AREA,<br><br>Defendants. | CASE NO. CV 07-00243 RSWL (JTLx)<br><br>JUDGE: Ronald S.W. Lew<br>CTRM: 21<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOLLOWING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION<br><br>DATE:   September 3, 2008<br>TIME:   9:00 a.m.<br>CTRM:   21 |

After consideration of the evidence presented in support of and in opposition to defendants Monrovia Unified School District ("District") and West San Gabriel Valley SELPA's Motion for Summary Judgment, or in the alternative, for Summary Adjudication, and the papers submitted, the Court determines that the following facts have been established as,

**UNCONTROVERTED FACTS**

First Claim for Relief - (Review of ALJ's Decision pursuant to Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq.)

/ / /

1

1. The District complied with the procedures set forth in the Individuals With Disabilities Education Act, 20 U.S.C. §1401, et seq. ("IDEA") for the development of the individualized education program ("IEP").

   a. The District offered a comparable interim placement after the plaintiff transferred into the District.

   Evidence: December 20, 2005 intake meeting (XXI: 3443-3444); Testimony of G. Crotty, IV, 1052:18-24; April 10, 2006 OAH Order (XV: 2498-2504).

   b. The District developed an IEP and commenced the IEP meeting within 30 days after the plaintiff began receiving services after transferring into the District.

   Evidence: February 9, 2006 IEP (XXI: 3480-3504).

2. The IEP offered the plaintiff a free appropriate public education ("FAPE").

   a. The District's proposed placement and services were designed to meet the plaintiff's unique needs.

   Evidence: February 9, 2006 IEP (XXI: 3480-3504); May 1, 2006 IEP (XXI: 3584-3596); December 20, 2005 intake meeting (XXI: 3443-3444); April 10, 2006 OAH Order (XV: 2498-2504). Testimony of S. Surfas, V: 1245:3, 1246:25-1247:4; 1247:13-17; 1248:12, 18-19; 1248:23-1249:3; Testimony of D. Armstrong, I: 126:9-13; 179: 23-24; Testimony of S. Belche, VII: 1656: 5-10, 20, 24; 1657:3-6; 1683:6-8; Testimony of M. Stenzel, VII: 1819:5; 1820:2-9; Testimony of K. Waters, III: 563:19-21; 613:25-614:22; 615:19-22; 629:19-21; Testimony of S. Nowak, V: 1280:1-14; 1294:18-1295.21; 1299:24-1300:9; 1303:16; 1306:15-16; 1311:18-1312:21; Testimony of G. Crotty, I: 51:14-17; 56:4-10; 57:17-58:6; 91:9-16; II: 402:11-19; 515:2-8; IV: 1091:13-18; 1103:2-9; 1104:8-1106:5; 1107:1-3; 1107:4-1108:1; 1108:2-22; 1109:3-25; 1113:4-13.

   b. The placement and services were reasonably calculated to provide educational benefit.

I:\WP\MN\106-Marshall (A.M.) v\PROP STMT jjm 040308.wpd

  (1) The IEP goals and objectives were appropriate and reasonably calculated to provide educational benefit.

   <u>Evidence</u>: December 20, 2007 intake meeting (XXI: 3443-3444); February 9, 2006 IEP (XXI: 3480-3504); May 1, 2006 IEP (XXI: 3584-3596). Testimony of K. Boucher, VI: 1412:5-19; 1414:1-1415:4; 1466:16-19; April 10, 2006 OAH Order (XV: 2498-2504).

  (2) The IEP's related services were appropriate and reasonably calculated to provide educational benefit.

   <u>Evidence</u>: Feb. 9, 2006 IEP at XXI: 3493-3489; 3490-3491; 3492-3493; 3492, 3494-3495; Testimony of G. Crotty, VI: 1604:18-21; Testimony of S. Belche, VII: 1688:19-1690:17; 1737:3-4; Testimony of M. Stenzel, VII: 1826:10-1827:9; Testimony of D. Armstrong, I: 159:5-23; Testimony of K. Waters, III: 639:8-16; 641: 19-642:1; Testimony of S. Nowak, V:1304:11-13; April 10, 2006 OAH Order (XV: 2498-2504).

 c. The placement and services offered conformed to the IEP.

  <u>Evidence</u>: December 20, 2005 intake meeting (XXI: 3443-3444); February 9, 2006 IEP (XXI: 3480-3504); May 1, 2006 IEP (XXI: 3584-3596). Testimony of G. Crotty, I: 51:14-17; 57:17-22; IV: 1049:3-8; 1055: 15-23; 1062:9-1063:7; 1063:24-1064:20; 1064:24-1065:4; 1065:21-1066:5; 1067:1-21; 1068:4-13; 1069:9-10; 1069:22-1070:4; 1071:3-14; 1071:15-18; 1072:1-12; 1072:20-1073:6; 1073:7-1074:6; 1074:8-13; 1074:18-25; 1076:16-25; 1080:16-24; 1091:7-12; VI: 1574:4-7; 1574:8-1576:13; 1576:18-1577:8; 1580:22-1581:24.

 d. The District's program was offered in the least restrictive environment.

  <u>Evidence</u>: Testimony of G. Tan, VI: 1505:21-1506:15; 1506:19; 1507:5-1508:2; 1515:2-1516:25; 1518:15-1519:14; 1522:22-23; 1523:6-11; 1526:17-20; 1528:18-1529:4; Testimony of K. Boucher, VI: 1409:12-15; 1429:18-19;

3

1465:22-23; 1466:15-16; Testimony of K. Miller, II: 283:6-12; 323:7-10, 16; 324:12-325:4; 358:18-21; 359:6-12; Testimony of D. Armstrong, I: 143:10-11; 143:25-144:3; 155:6-7; 167:9-13; 168:12-18; 180:2-23; 180:23-181:3; 181:5-21; 193:10-194:1; 195:19-196:7; 209:9-210:4; Testimony of K. Waters, III: 578:3-14, 21-24; 606:24-607:2; 607:18-25; 626:21-25; 637:8-15; 638:11-15, 18-21; 640:10-23; Testimony of J. Carter-Lourensz, V: 1148:6-7; 1151:19-21; 1153:19-1154:1; 1159:10-12; 1165:4-11; 1166:9-10; Testimony of S. Nowak, V: 1293:13-19; 1297:10-1298:3; 1308:6-9; 1309:25-1310:3; 1316:13-20; Testimony of S. Belche, VII: 1654:12-13; 1658:1-3; 1679:2-16; 1693:22-1694:2; Testimony of G. Crotty, IV: 1111:5-23; VI: 1621:18-25; 1622:14-17; 1623:6-20; 1623:25-1624:5; 1627:22-1628:2; 1628:13-1629:9; 1629:10-1630:15; Testimony of E. Grycel, III: 743:10-14; 746:17-21; 747:1-24; 749:2-22; 751:5-18; 758:14-759:2; Testimony of J. Menlove, II: 382:7-14; 383:1; 385:11.

Second Claim for Relief:   (Section 504)

1.  Plaintiff was an individual with a disability.

    Evidence:   February 9, 2006 IEP (XXI: 3480-3504).

2.  Plaintiff was qualified to receive educational benefit from defendants.

    Evidence:   February 9, 2006 IEP (XXI: 3480-3504).

3.  Plaintiff was not denied the benefit of an educational program by reason of disability.  The District offered or provided an appropriate educational program to plaintiff which was designed to provide educational benefit while accommodating plaintiff's disability in the least restrictive environment.  Adopting a valid IEP under IDEA is sufficient to satisfy the Section 504 FAPE requirements, both substantive and procedural. (*Mark H. v. Lemahieu* 513 F.3d 922, 933 (9th Cir. 2008).)

    Evidence:   See First Cause of Action, above, Evidence, sections 1(a), 1(b), 2(a), 2(b), 2(c), and 2(d), especially Dec. 20, 2005 intake meeting (XXI:3443-3444), Feb. 9, 2006 IEP (XXI: 3480-3504) and May 1, 2006 IEP (XXI: 3584-3596).

# CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to 20 U.S.C. §1415(i)(2).

2. This Court, having reviewed the administrative law judge's October 10, 2006 Decision (XI: 2117-2143), using the "due weight" standard (*Board of Education of the Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176 at 206 (1982)), finds that sufficient evidence exists to support the ALJ's findings that:

    (a) the District offered the plaintiff a comparable interim placement upon his transfer into the District;

    (b) the District developed an IEP and convened the IEP meeting within 30 days after the plaintiff began receiving services after his transfer into the District;

    (c) the District offered plaintiff a free appropriate public education in the least restrictive environment for the 2005-2006 school year and prospectively for the 2006-2007 school year;

    (d) the plaintiff was not entitled to compensatory education; and

    (e) the District did not commit procedural violations in connection with the December 9, 2005 CAVA IEP, the December 20, 2005 intake meeting, the February 9, 2006 IEP meeting, or the May 1, 2006 IEP meeting.

3. The District offered plaintiff a free appropriate public education in compliance with the IDEA in that the goals and objectives, and the placement and services offered by the IEP were designed to meet the plaintiff's unique needs and were reasonably calculated to provide some educational benefit. The placement and services offered conformed to the IEP and were offered to be provided in the least restrictive environment.

4. The District adopted a valid IEP under IDEA, which is sufficient but not necessary to satisfy both the substantive and procedural requirements of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. section 794). (34 C.F.R. sections 104.33(b)(2), 104.36; *Mark H. v. Lemahieu* 513 F.3d 922, 933 (9th Cir. 2008).)

///

///

5. Summary judgment shall be entered in favor of defendants Monrovia Unified School District and West San Gabriel Valley Special Education Local Plan Area consistent herewith.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

I:\WP\MN\106-Marshall (A.M.) v\PROP STMT jjm 040308.wpd