O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M., a minor, by and through his parents, DAVID MARSHALL and KARLA MARSHALL; DAVID MARSHALL and KARLA MARSHALL, on their own behalf,<br><br>                   Plaintiffs,<br><br>     v.<br><br>MONROVIA UNIFIED SCHOOL DISTRICT; WEST SAN GABRIEL SPECIAL EDUCATION LOCAL PLANNING AREA,<br><br>                   Defendants. | CV 07-243 RSWL (JTLx)<br><br>**ORDER Re: Defendant's Motion for Attorney Fees** [108] |

Defendant Monrovia Unified School District's Motion for Attorney Fees was set for hearing on April 19, 2011 [108].  Having taken this matter under submission on April 18, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

Defendant's Motion for attorney fees is **DENIED.**

The Court finds that Plaintiffs did not waive their

1

claims for reimbursement of expenses during the
underlying due process hearing in front of the Office
of Administrative Hearings ("OAH") or during the
pendency of this Action before this Court.
Specifically, Plaintiffs adequately raised this claim
for reimbursement of expenses and continuously pursued
this claim during both the due process hearing and the
subsequent proceedings before this Court.  Therefore,
the Court finds that Plaintiffs did not waive or
abandon their claim for reimbursement of expenses. See
Moubry by & through Moubry v. Indep. Sch. Dist. No.
696, 951 F. Supp. 867, 887 (D. Minn. 1996).

　　　The Court also finds that Plaintiffs did not waive
their claim for damages during the pendency of this
Action before this Court,[1] as Plaintiffs sufficiently

---

[1] While Plaintiffs did not raise their claim of
damages during the due processing hearing in front of
the OAH, the Court finds that this does not result in a
waiver of this claim.  Given damages are not an
available remedy under the Individuals with
Disabilities Education Act ("IDEA"), Plaintiffs were
not able to bring this claim for damages in the due
process hearing. See Diaz-Fonseca v. Puerto Rico, 451
F.3d 13, 19 (1st Cir. 2006).  As such, Plaintiffs were
only able to first seek damages when they commenced
their Action in this Court, asserting a claim for
damages as part of their Section 504 claim.  Therefore,
the Court finds that Plaintiffs did not waive their
claim for damages by failing to request damages during
the due process hearing. See also L.T. v. Mansfield Tp.
Sch. Dist., 2007 WL 2332308 at *8 (D.N.J. Aug. 10,
2007)(finding the plaintiffs were not required to
exhaust their administrative remedies as to the
requested relief that was unavailable in the underlying

requested and sought damages throughout these proceedings. <u>See</u> <u>All Alaskan Seafoods, Inc. v. Raychem Corp</u>., 197 F.3d 992, 996 (9th Cir. 1999).

As such, the Court finds that this Action did not become moot upon the death of minor Plaintiff A.M. on January 22, 2008, as Plaintiffs had these claims for reimbursement of expenses and damages that survived the death of Plaintiff A.M.  Therefore, the Court finds that an award of attorneys fees is not warranted here under the Individuals with Disabilities Education Act. <u>See</u> 20 U.S.C. § 1415(i)(3)(B)(i)(II).

DATED: June 23, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW

_____

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

administrative proceeding).